**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

              Plaintiff,

      vs.                      **Case No. 05-40034-01-RDR**

MATTHEW V. COOK,

              Defendant.

---

<u>**MEMORANDUM AND ORDER**</u>

Defendant is charged with unlawful possession of ammunition as a convicted felon or as an unlawful user of a controlled substance.

Defendant has filed a motion to dismiss and a motion to suppress.  The court has conducted a hearing upon the motions at which time some evidence was presented.  The court shall rule as follows.

<u>MOTION TO DISMISS</u>

Defendant's motion to dismiss alleges a violation of the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. 2 § 2, because defendant has not been brought to trial within one hundred and eighty days after requesting a speedy trial on the instant federal charge.

The indictment in this case was filed on April 20, 2005.  On May 17, 2005, defendant's current counsel, who was not representing defendant at the time, wrote the prosecutor handling the case.  She stated that defendant was in the Shawnee County Jail and that he

was requesting that he be brought to federal court on the charge in this case.  No response was received to this letter.

Defendant was incarcerated with the Kansas Department of Corrections in 2006.  On April 22, 2006, defendant asked a prison staff member whether he had a federal felony warrant.  He received a negative reply.  On April 27, 2006, defendant asked a prison staff member if he could "file a 'Disposition of Detainers Act'" regarding the above-captioned case.  Again, he was told that there were no warrants outstanding.  On July 23, 2006, defendant stated that he would like to file a "Disposition of Detainers Act" in this case.  He was told that there were no detainers on file.

On August 18, 2006, defendant signed a Detainers Act form (Form USM-17, Rev. 04/05) which advised him that federal charges had been filed against him in this court.  Defendant indicated on the form that he was demanding a speedy trial on the charges.  The form stated that it would be delivered to the U.S. Attorney's Office in the District of Kansas.  The form also stated that defendant had a right to be brought to trial within 180 days after his written notice of request for a speedy trial had been delivered to the "appropriate U.S. Attorney and the appropriate U.S. District Court."  Defendant was further advised on the form that he should periodically inquire as to whether his request for a speedy trial had been received by the U.S. Attorney and the U.S. District

2

Court.[1]   On January 10, 2007, defendant again wrote to prison staff that he would like to send the appropriate Detainers Act form to the undersigned judge and to the Assistant United States Attorney previously assigned to this case.  He was told that he should remind prison staff in February if he had not been picked up on the federal charges.  On March 28, 2007, defendant suggested to prison staff that the 180-day time period for a speedy trial was over and asked if the federal case could be dismissed.  The prison responded that a copy of the detainer would be sent to the U.S. Marshals Service.  On April 22, 2007, defendant again asked if the federal case could be dismissed and the detainer lifted and who he should contact for assistance.  The prison staff replied that perhaps he should try writing the Assistant U.S. Attorney in Kansas City, Kansas.

Defendant was brought before a U.S. Magistrate Judge for his first appearance on May 10, 2007, more than 180 days from the date

---

[1] Specifically, the form states:
[Y]ou have the right to be brought to trial within 180 days after you have caused to be delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court, written notice of your request for a final disposition of the charges against you. Because the 180-day time limit may be tolled by virtue of delays attributable to you, you should periodically inquire as to whether your written notice of request for a final disposition of the charges against you has been received by the appropriate U.S. Attorney and the U.S. District Court.  You are hereby advised that the 180-day time limit does not commence until your written notice of request for final disposition of the charges against you has actually been delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court.

that defendant completed the paperwork demanding a speedy trial.

Defendant argues that because the 180-day period expired before he even had his first appearance, his indictment should be dismissed. He further argues that dismissal should be with prejudice.

The government responds that the 180-day period is not triggered until the U.S. Attorney and the U.S. District Court receive the prisoner's written notice and request for speedy trial by registered or certified mail. The government asserts that the U.S. Attorney's Office did not receive the proper notice of defendant's speedy trial demand until April 5, 2007. The government contends that the 180-day period began running at that time and has not expired.

The case law in this area places the burden on the prisoner to make sure that the U.S. Attorney and the U.S. District Court are properly served with the demand for a speedy trial. Various state courts have held that defendant has the burden of proving delivery and receipt. State of New Jersey v. Pero, 851 A.2d 41, 52 (N.J.Super. 2004) citing, Morganfield v. State, 919 S.W.2d 731, 734 (Tex.App. 1996); Yiaadey v. Commonwealth, 513 S.E.2d 446, 451 (Va.App. 1999); Peterson v. State, 73 P.3d 108, 112 (Idaho App. 2003). This burden is not satisfied even if the actual fault for failing to make service falls upon prison authorities or the U.S. Marshals Office. See Fex v. Michigan, 507 U.S. 43, 50 (1993); U.S.

4

v. Paredes-Batista, 140 F.3d 367, 374-75 (2nd Cir.) cert. denied, 525 U.S. 859 (1998); U.S. v. Martinez, 198 Fed.Appx. 704 (10th Cir. 2006); U.S. v. Zaragoza, 2007 WL 293891 (D.Kan. 2007) (Judge Robinson).

    In this case, the evidence presented by defendant fails to meet his burden of proving that the U.S. Attorney or the U.S. District Court was served with the form demanding a speedy trial under the IADA.  The letter mailed by the Assistant Federal Public Defender does not meet the burden of proof for several reasons. First, the letter does not invoke defendant's rights under the IADA.  The statute is not even mentioned.  Second, the letter was not sent to the U.S. District Court.  Service upon the U.S. District Court is a requirement to start the running of the 180-day clock.  See Fex, 507 U.S. at 52; U.S. v. Jones, 454 F.3d 642, 648 (7th Cir.) cert. denied, 127 S.Ct. 690 (2006); Paredes-Batista, 140 F.3d at 374-75 (2nd Cir. 1998); U.S. v. Collins, 90 F.3d 1420, 1426 (9th Cir. 1996).  This construction comports with the statutory language which requires delivery of the speedy trial demand "to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction . . . . by registered or certified mail, return receipt requested."  18 U.S.C. App. II § 2 Article III(a)-(b).  Finally, defendant was not represented by the Federal Public Defender at the time of the letter.

    There is no proof that the Detainer Act form was delivered to

the U.S. Attorney or the U.S. District Court more than 180 days prior to trial.  While defendant may argue or imply that the law places an unfair burden upon him to accomplish the service of his speedy trial demand, this fairness contention has been rejected by the Supreme Court in Fex, 507 U.S. at 51-52.

For these reasons, we deny defendant's motion to dismiss.

MOTION TO SUPPRESS

Defendant's motion to suppress asks the court to suppress evidence seized during the execution of a search warrant at 3814 S.W. Mission Ave., Topeka, Kansas.  Three arguments are presented in the motion.  First, the motion argues that the search warrant affidavit was insufficient to justify the issuance of a warrant to search defendant's residence.  Second, the motion argues that a Franks hearing should be conducted to determine the veracity of the search warrant affidavit.  Third, the motion contends that the "plain view" doctrine does not justify the seizure of ammunition during the execution of the search warrant because the ammunition was not of an incriminating nature when it was seized.

The court shall reject the first argument and conduct a further hearing upon the next two arguments.

Justification for the search warrant

The affidavit for the search warrant in this case alleges that police officers interviewed a 15-year-old boy who asserted that defendant touched him in a sexual manner on at least 50 occasions.

6

He said that he and defendant met two or three times a week.  The
boy also stated that defendant watched pornography on a portable
DVD player, and that he had seen gay pornography at defendant's
residence picturing subjects that he thought were as young as 16
years old.   The boy further stated that defendant used
methamphetamine and had offered some to the boy.  Defendant was
arrested during a traffic stop five days after the interview.
Defendant had marijuana in his possession at the time of the
arrest.  The affidavit states that during a post-arrest interview,
defendant admitted possessing pornographic DVDs and magazines at
his house.  Defendant also admitted that he had a photograph of the
boy in his vehicle.

On the basis of this affidavit, a state court judge issued a
search warrant for defendant's residence and defendant's car.  The
warrant directed officers to seize sexually explicit materials,
methamphetamine, marijuana, drug paraphernalia and correspondence
to show occupancy and ownership.

"An affidavit establishes probable cause for a search warrant
if the totality of the information it contains establishes the
'fair probability that contraband or evidence of a crime will be
found in a particular place.'" U.S. v. Soderstrand, 412 F.3d 1146,
1152 (10th Cir. 2005) (quoting, U.S. v. Rice, 358 F.3d 1268, 1274
(10th Cir. 2004)).  We review the decision of the judge who issued
the search warrant with "great deference" and ask only "whether the

7

issuing magistrate had a 'substantial basis' for determining probable cause existed." Id. (citing U.S. v. Le, 173 F.3d 1258, 1265 (10th Cir. 1999).

In this case, according to the search warrant affidavit, the boy informant stated that defendant had pornography and/or child pornography at his residence, and defendant stated that he had pornography at his residence.  The informant also stated that defendant had engaged in inappropriate sexual contact with the informant, watched pornography with the informant, and had offered drugs to the informant.  We believe that pornography at defendant's residence would be evidence of a crime involving defendant and the informant, and that the affidavit for the search warrant provided a substantial basis for believing that pornography would be found at defendant's residence.  See U.S. v. Reaves, 253 F.3d 1201, 1205 (10th Cir. 2001) (child pornography is often used to seduce other children to engage in sexual activity).

Franks hearing

Defendant argues that the allegations in the affidavit of pornography at defendant's residence do not match up with another account of the interviews with the boy informant and the defendant. Defendant has admitted as an exhibit the supplemental offense report made by the officer who signed the search warrant affidavit. The supplemental offense report does not indicate that the boy informant or defendant stated that defendant had pornography at his

<u>residence</u>.  The supplemental offense report indicates that the boy informant stated that he and defendant watched pornography in defendant's car on a portable DVD player and that defendant stated that he and the boy informant watched pornography in a motel room together.  The supplemental offense report does not reference that the informant or defendant stated that there was pornography at defendant's residence.  Defendant asserts that this presents a <u>Franks</u> issue.

> In order to be entitled to an evidentiary hearing under <u>Franks</u>, "the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." To support such allegations, a defendant should provide affidavits of witnesses or satisfactorily explain their absence.  In addition, a defendant seeking an evidentiary hearing must show that, after the challenged portions of the affidavit are stricken, the remaining content of the affidavit is not sufficient to support a finding of probable cause.

<u>U.S. v. Nelson</u>, 450 F.3d 1201, 1213-14 (10th Cir. 2006) (quoting and citing, <u>U.S. v. Artez</u>, 389 F.3d 1106, 1116 (10th Cir. 2004)).

Defendant's motion to suppress does not expressly allege that there are false statements in the affidavit.  The motion only states that the reports of the affiant do not support the allegations he made in the affidavit.  At the hearing upon the motion to suppress, however, defense counsel did state that the search warrant affidavit was false.  While defendant has provided no affidavits to support this position, he has supplied some proof to support his claim that the search warrant affidavit lacks

veracity as to the statements linking pornography to defendant's residence.  While the issue is close, we deem the proof sufficient to warrant a <u>Franks</u> hearing to determine whether that aspect of the search warrant affidavit was truthful.

<u>Plain view</u>

The warrant issued in this case did not authorize the seizure of ammunition.  But, ammunition was seized, and it provides the basis for the charge brought in this case.  "A warrantless seizure of evidence is sustainable if (1) the police officer was lawfully located in a place from which to plainly view the item; (2) the officer had a lawful right of access to the item; and (3) it was immediately apparent that the seized item was incriminating on its face."  <u>U.S. v. Castorena-Jaime</u>, 285 F.3d 916, 924 (10th Cir. 2002). "A seizing officer need not 'know' or have an 'unduly high degree of certainty' as to the incriminatory character of the evidence under the plain view doctrine.  All that is required is a 'practical, nontechnical probability that incriminating evidence is involved.'"  <u>Id.</u>, (quoting <u>Texas v. Brown</u>, 460 U.S. 730, 741 & 742 (1983)).

At the next hearing in this case, the court shall ask that evidence be presented to assist the court in determining the circumstances under which the ammunition was found and whether there was probable cause to believe that the ammunition constituted incriminating evidence.

CONCLUSION

In conclusion, defendant's motion to dismiss is denied and the court rejects defendant's claim that the search warrant affidavit did not provide adequate grounds for the issuance of a search warrant.  The court, however, shall schedule another hearing in this case to consider evidence regarding defendant's <u>Franks</u> challenge to the search warrant affidavit and to listen to evidence regarding the circumstances surrounding the alleged "plain view" seizure of the ammunition.  This hearing shall be scheduled for August 16, 2007 at 10:30 a.m.  The additional delay to decide the motion to suppress constitutes excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(F), (1)(J), and (8)(A).

**IT IS SO ORDERED.**

Dated this 7th day of August, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

11