IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                       **Case No. 05-40034-01-RDR**

MATTHEW V. COOK,

        Defendant.

_____

**O R D E R**

   Defendant is charged with unlawful possession of ammunition as a convicted felon or as an unlawful user of a controlled substance. This charge arises from a search of defendant's residence which he shared with his mother and stepfather.  The search was conducted pursuant to a search warrant, although the search warrant did not list ammunition as one of the items to be looked for and seized.

   This case is now before the court upon defendant's motion to suppress.  Defendant has made three arguments in the motion to suppress.  The first argument asserted that the search warrant affidavit was insufficient to justify the issuance of the search warrant.  The court has already rejected that argument in a previous order.  Doc. No. 25.  Two arguments remain.

   One of those arguments is that the search warrant affidavit contained a false statement which was deliberately or recklessly made.  The affidavit for the search warrant stated that a 15-year-old male told police officers that he had seen gay pornography at

defendant's residence with subjects that he thought were as young as sixteen years old.  The affidavit further stated that defendant told police officers that he had pornographic DVD's and magazines at his house.  There were other statements in the affidavit indicating that defendant used methamphetamine, that he shared marijuana with the 15-year-old, and that he made sexual contact at least 50 times with the 15-year-old.  However, a supplemental offense report written by the officer who swore to the search warrant affidavit does not mention that defendant or anyone else saw pornography of any kind at defendant's residence prior to the execution of the search warrant.

Detective Kent Biggs is the Topeka Police Officer who completed the search warrant affidavit.  He testified to the court on this matter.  Detective Biggs is a veteran police officer.  He stated that he did not attempt to mislead anyone with the search warrant affidavit.  He further testified that he did not attempt to conceal or shade the facts, and he thought the statements in the affidavit were true.

Detective Pat McLaughlin also testified in this matter.  He stated that he participated in the interviews of defendant and of the 15-year-old boy.  He has reviewed the tapes made of defendant's interview.  He stated that there were no material misstatements in the search warrant affidavit and that the affidavit comports with the interviews conducted during the investigation.

2

"It is a violation of the Fourth Amendment for an affiant to knowingly and intentionally or with reckless disregard for the truth, make a false statement in an affidavit." U.S. v. Basham, 268 F.3d 1199, 1204 (10th Cir. 2001) (citing Franks v. Delaware, 438 U.S. 154, 171-72 (1978). At a Franks hearing, the burden of proof is on the defendant to establish by a preponderance of the evidence that the affiant intentionally or recklessly misrepresented or omitted material information. See Franks, 438 U.S. at 156.

Detective Biggs appeared to be a credible witness to the court. We believe that he did not make a false statement in the affidavit and did not intentionally or recklessly mislead anyone with anything he stated in the affidavit. His testimony is corroborated by Detective McLaughlin's testimony which is also credible to the court. The difference between the search warrant affidavit and Detective Biggs' supplemental report does not persuade the court that the search warrant affidavit contained a false statement or a material omission.

Therefore, the court shall not suppress evidence in this case on the basis of defendant's Franks argument.

The second argument for the court's consideration in this order concerns the plain view doctrine. The government contends that the ammunition which forms the basis for the charge in this case was properly seized during the execution of the search warrant pursuant to the plain view doctrine.

3

Even though the search was conducted via a search warrant, the government has the burden of proving the applicability of the plain view doctrine because it constitutes an exception to the warrant requirement.  See Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); U.S. v. Ribeiro, 397 F.3d 43, 53 (1st Cir. 2005); U.S. v. Maestas, 2 F.3d 1485, 1491 (10th Cir. 1993); U.S. v. Wick, 52 F.Supp.2d 1310, 1326 (D.N.M. 1999).

The evidence received during the hearings on the motion to suppress established that the police officers who executed the search warrant were directed to defendant's bedroom and the basement where some of defendant's possessions were kept. Detective Pat McLaughlin testified that he found a box of ammunition under defendant's bed in his bedroom.  Another police officer, Bryan Wheeles, who was in the room during the search also testified that the ammunition was found in defendant's bedroom. Detective McLaughlin stated that when Detective Biggs entered the room, he referred Detective Biggs' attention to the ammunition. Detective Biggs testified that he saw the ammunition on top of the bed when he entered the room.  He was aware of defendant's prior felony conviction and, therefore, recognized the ammunition as evidence of a crime.  Detective Biggs said he was certain that the ammunition was not found in the basement.

Defendant's mother testified that she often searched the bedroom because she was suspicious that defendant might be involved

with drugs.  She stated that she would have known if there was ammunition under the bed.  However, this testimony fails to convince us that Detective McLaughlin did not find the box of ammunition under defendant's bed.  Detective McLaughlin's testimony is corroborated by the other officers' testimony.  We further note that, according to the police report admitted as Exhibit 405, the officers also found a glass drug pipe in a shirt pocket and male pornography in defendant's bedroom.  These are items that defendant's mother may have disposed of if she had recently searched defendant's room for contraband prior to the execution of the search warrant.

As we noted in our last order in this matter:  "A warrantless seizure of evidence is sustainable if (1) the police officer was lawfully located in a place from which to plainly view the item; (2) the officer had a lawful right of access to the item; and (3) it was immediately apparent that the seized item was incriminating on its face." U.S. v. Castorena-Jaime, 285 F.3d 916, 924 (10th Cir. 2002).  We find that the evidence has established that the officers were lawfully located in defendant's residence pursuant to a search warrant.  The officers could lawfully look under the bed in the bedroom to search for the items listed in the search warrant. Finally, while looking for those items, they saw a box of ammunition and its incriminating nature was evident on its face, if you consider the sum total of the knowledge of the officers

executing the search warrant.  See <u>U.S. v. Rutkowski</u>, 877 F.2d 139, 142 (1st Cir. 1989) ("immediate awareness" of the incriminating nature of an object is determined on the basis of the sum total of the searchers' knowledge).

In conclusion, after a review of the evidence, we find that defendant has not established that the search warrant affidavit contained a false statement which was either deliberately or recklessly made.  We further find that the government has established that the ammunition was properly seized under the plain view doctrine.  Therefore, defendant's motion to suppress shall be denied.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

6